# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAMAR OUTLAW,<br><br>Defendant. | No. CR 11-3024-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**<br><br>FILED UNDER SEAL |

In this case, defendant Lamar Outlaw is charged with possessing and aiding and abetting another in the possession of a firearm, after the defendant was convicted of felony offenses and while his co-defendant was an unlawful user of a controlled substance (marijuana), in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), 924(a)(2) and 2. *See* Indictment (docket no. 1). The prosecution dismissed the Indictment as to the co-defendant only, because the prosecution determined that the co-defendant was a juvenile at the time of the charged offense. *See* Order Regarding Prosecution's Motion To Dismiss Indictment (docket no. 46). This matter is set for trial against defendant Outlaw only, to begin on January 23, 2012.

This case is before me on defendant Outlaw's January 9, 2012, Motion In Limine (docket no. 53). In his motion, Outlaw argues that the prosecution is aware of other uncharged bad acts by him, other than those establishing his status as a felon, including multiple convictions. He asserts that he has been informed that the prosecution does not intend to use this evidence pursuant to Rule 404(b) of the Federal Rules of Evidence in its case in chief, but reserves the right to do so pursuant to Rule 609, to impeach him if he testifies. He also recognizes that the prosecution can present evidence of the felony

convictions that are predicates to the charged felon-in-possession-of-a-firearm offense. He argues, however, that any of his additional criminal history would be extremely prejudicial and without significant probative value. He also asserts that the prosecution has not given proper notice of intent to use any of his other additional criminal history, as required by Rule 404(b), and that limited notice is insufficient under the rule. Thus, while he acknowledges that the prosecution can use, in its case in chief, the underlying felony convictions for willful injury, burglary 2nd, and going armed with intent, which are predicates for the present firearm charge, he requests that I prohibit the prosecution from introducing evidence of his other prior crimes, wrongs, or acts, either in its case in chief, its rebuttal, or for impeachment, if he testifies.

In a Response (docket no. 55), filed January 16, 2012, the prosecution represents that defendant Outlaw is correct that it does not intend to present any of Outlaw's bad acts other than the predicate offenses for the present firearm charge in its case in chief. The prosecution only reserves the right to present, if necessary, any evidence from Outlaw's prior criminal history as it relates to impeachment, should he testify.

It does not appear that Outlaw disputes that he has qualifying predicate felonies for the felon-in-possession-of-a-firearm charge.[1] The questions are whether the prosecution's

---

[1] In *Old Chief v. United States*, 519 U.S. 172 (1997), the United States Supreme Court ruled that evidence of prior felony convictions, used to support a charge under 18 U.S.C. § 922(g)(1), should not be heard by the jury, if the purpose of the evidence is to prove the defendant's *status as a felon*, where the defendant offers to stipulate to the existence of such convictions. *Old Chief*, 519 U.S. at 180-92. The Court explained, however, that the general rule is that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id.* at 186-87; *see also id.* at 189 ("[T]he accepted rule that the prosecution
(continued…)

notice of intent to use *other* bad acts for impeachment purposes is adequate and whether those *other* bad acts are admissible or, instead, should be excluded as more prejudicial than probative.

Rule 404(b) requires "the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." FED. R. EVID. 404(b), advisory committee's note to 1991 amendments; *see also United States v. Carrasco*, 381 F.3d 1237, 1340 (11th Cir. 2004) (holding that, in light of this note, "the Government was required to provide notice of the prior bad acts to which Ceballos testified in rebuttal"). Although Outlaw cites *United States v. Perez-Tosta*, 36 F.3d 1552, 1560 (11th Cir. 1994), for the proposition that limited notice is not reasonable under the rule, that case actually held that notice a "few minutes before voir dire constituted 'reasonable notice in advance of trial,'" where the prosecution gave notice of its intent to use the evidence the business day following discovery by the prosecution that the evidence was applicable to the defendant. *Perez-Tosta*, 36 F.3d at 1560-61. Here, Outlaw has had knowledge of the existence of the bad acts evidence and the prosecution's intent to use it if he testifies for more than two weeks before his scheduled trial date, far more notice than the court held was reasonable in *Perez-Tosta*. Thus, he cannot claim that the notice that he has received of the prosecution's intent to use the other bad acts evidence if he testifies was unduly limited or unreasonable. Outlaw is not entitled to exclusion of the other bad acts evidence on this basis.

Outlaw argues that his other bad acts, including convictions for assault, disorderly conduct, voluntary absence, criminal mischief, interference with official acts, and

---

[1](…continued)
is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense.").

tampering with a witness, are nevertheless inadmissible. His sole argument is that the evidence of these bad acts is extremely prejudicial, because it comprises convictions against persons, such as assault and tampering with a witness. It is difficult to see what probative value these other bad acts would have for permissible purposes under Rule 404(b), such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident," *see* FED. R. EVID. 404(b)(2) (as amended, effective December 1, 2011), where none involve possession of contraband. *See, e.g., United States v. Donisi*, 2007 WL 2915630, *3 (N.D. Iowa Sept. 25, 2007) (requiring some similarity to the charged conduct for "bad acts" evidence to be admissible, noting, "To the extent that evidence of prior drug activity is not shown to involve the same controlled substances . . . or the same conduct . . . its probative value is slight, and the potential for unfair prejudice, in the form of conviction of the charged offenses because the defendant has engaged in prior drug activity, is substantial."). On the other hand, the parties have not provided me with sufficient information to assess whether any of the other bad acts evidence involves felony convictions, convictions within the last ten years, or a dishonest act or statement (although the witness tampering conviction at least arguably does). *See* FED. R. EVID. 609(a)(1) and (2); *see also Martino v. Korch*, 131 F. Supp. 2d 313, 315 (D. Conn. 2000) (finding that a "witness tampering" charge was "covered by Rule 609(a)(2)"). Thus, I cannot make a determination, based on the parties' submissions, of whether or not the other bad acts evidence is ultimately substantially more prejudicial than probative. Outlaw is not entitled to pretrial exclusion of the other bad acts evidence on this basis.

Finally, Outlaw argues that, if any of this evidence is admissible, it should only be admitted with a limiting instruction explaining the proper uses of such evidence under Rule 404(b), and presumably Rule 609. I agree that "a limiting instruction [concerning proper

4

use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence." *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006). Thus, I will admit any bad acts evidence only with an appropriate limiting instruction, in the form of either a written instruction included in the set provided to the jury prior to trial, an oral instruction during trial at the time such evidence is presented, or a supplemental written instruction at the end of the evidence.

THEREFORE, with the exception of defendant Outlaw's request for a limiting instruction concerning bad acts evidence not relating to predicate felonies for the charged offense, defendant Outlaw's January 9, 2012, Motion In Limine (docket no. 53) is **denied**. To avoid exposure of potential jurors to information about challenged evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED.**

**DATED** this 16th day of January, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA